UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LAQUAN COPES,

               Plaintiff,

-against-

THE CITY OF NEW YORK,
P.O. GINA MESTRE,
P.O. TIMOTHY BURKE,
P.O. JOEL AYALA,
P.O. SEAN KERN,
P.O. BRIAN MAHON,
P.O. JORGE MONGE,
P.O. ANTHONY TERILLI,
P.O. BRIAN VANDUZER,
P.O. LUILLY LOPEZ,
P.O. MANUEL ESTRADA
P.O. NIVEZ HERNANDEZ,
P.O. RYAN LAWRENCE,
SGT. AMADEO OKTROVA,
SGT. CHARLES CAVALLARO,
JOHN DOES 1-5,

               Defendants.
-----------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

Jury Demand

17 CV 8413 (ER)

Plaintiff LAQUAN COPES by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws. Plaintiff invokes the Court's supplemental jurisdiction for state law claims under Section 1367.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of Bronx and City and State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendants Sean Kern, Brian Mahon, Jorge Monge, Anthony Terilli, Brian Vanduzer, Luilly Lopez, Manuel Estrada, Nivez Hernandez, Ryan Lawrence, Sgt. Amadeo Oktrova, Sgt. Charles Cavallaro, Joel Ayala, Timothy Burke and Gina Mestre

are/were police officers. Defendants John and Jane Does 1-10 ("Doe") are/were police officers or in another role with supervisory capacities. The named and "Doe" defendants are members of the NYPD and acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9. On October 27, 2017, in the late afternoon ("incident") plaintiff left his home near Claflin Avenue in the Bronx for a bike-ride.

10. Plaintiff lives with his siblings and his mother who is employed as a nurse.

11. At the time of the incident, plaintiff had not committed a crime or a violation and was simply riding his bike.

12. On the incident date and time, plaintiff was ambushed by approximately At least 15 members of the NYPD from the 52nd and the Anti-crime unit of the Bronx precincts. These NYPD members included the named and yet to be identified (despite requests) other unnamed Doe defendants.

13. Without any reason or probable cause, the defendants grabbed plaintiff off of the bike and started to question and manhandle him.

14. At first plaintiff did not realize that these were members of the NYPD because they did not identify themselves.

15. Plaintiff thought he was being jumped by a neighborhood gang for his bike.

16. After a while when plaintiff learned that they were NYPD officers he was relieved at first to see that they would protect him.

17. However, instead of protecting plaintiff who had committed no crimes or violation, the NYPD defendants started to brutally assault plaintiff.

18. Before the assault, the NYPD defendants unlawfully seized plaintiff.

19. Plaintiff was unable to leave because the defendants blocked his path and his bike and physically prevented plaintiff from walking away.

20. The defendants then began their assault on plaintiff by using their fists, legs, batons, radio and asp to attack plaintiff

21. The excessive and the unreasonableness of the force continued and none of the defendants intervened to stop further harm to plaintiff.

22. In addition, there were several supervisors on the scene who not only failed to intervene or supervise their subordinates but took part in the beating and denying medical care to the plaintiff leading to violation of plaintiff's constitutional rights as outlined herein.

23. After the assault on plaintiff and in an effort to cover-up their unlawful and illegal and unconstitutional acts, defendants arrested plaintiff and charged him with various crimes.

24. Plaintiff had not committed any crimes, let alone the significant and serious crimes the defendants charged him with.

25. Thereafter, even though plaintiff was in severe pain, they transported him to the local precinct while plaintiff screamed in pain and repeatedly requested medical attention.

26. At the precinct, plaintiff's mother arrived and once again begged the defendants to render medical care to plaintiff.

27. Finally, after being in custody for a prolonged time and in pain, plaintiff was transported to a hospital to obtain cursory medical attention. Defendants informed the medical staff that plaintiff was malingering his injuries and plaintiff was then released to defendants' custody and brought back to the precinct where his arrest was processed.

28. Defendants fabricated paperwork and falsified documents stating that plaintiff was in possession of a weapon and had resisted arrest and committed other offenses.

29. Defendants forwarded this falsified paperwork to the prosecuting agencies (the Bronx DA's office) to deny plaintiff a fair trial and hearing. The DA's office undertook the prosecution based on fabricated and false paperwork completed by the individual defendants who falsely accused plaintiff of engaging in unlawful conduct. They prepared false arrest reports, case-ready sheets, affidavits and other official police paperwork that caused the Bronx DA to initiate prosecution.

30. After spending nearly 24 hours in pain, plaintiff was released on his recognizance.

31. Plaintiff, due the events from the incident, had to travel to court 3-4 times.

32. Plaintiff, due to the events from the incident, lost his employment.

33. Plaintiff to this day continues to suffer from the injuries inflicted upon him by the defendants.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive/Unreasonable Force)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

5

35. There was no reason for the excessive or the type of force used on plaintiff. Plaintiff suffered a fractured collarbone and various other injuries including swollen legs, arms and face. Plaintiff was alone, not resisting or fighting back when the individually named NYPD defendants assaulted him with their boots, hands, batons, flashlights and asps.

36. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive and unreasonable use of force was violated and he sustained serious and permanent injuries to his body.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deliberate Indifference to Medical needs)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Plaintiff suffered serious injuries and was in serious pain and in need of urgent medical treatment.

39. Plaintiff had a fracture of the collarbone and other severe visible injuries. These visible and obvious injuries caused extreme pain to plaintiff and required urgent care. However, despite being aware of these signs and symptoms, the individual defendants ignored plaintiff's pleas to take him to a medical provider or otherwise failed to provide him with medical treatment in a timely fashion.

40. Defendants were deliberately indifferent to plaintiff's medical needs despite being aware of the injuries to plaintiff's body that they themselves caused. Plaintiff's injuries posed an unreasonable risk of serious damage and serious pain to his mental and physical health and the injuries and the assault expanded beyond all boundaries of decency.

41. Individual defendants intentionally caused the injuries to the plaintiff's body and imposed the grave medical condition upon plaintiff that required urgent care. The injuries shocked the conscience and the defendants and intentionally and recklessly failed to act with reasonable care to mitigate the risk even though they knew or should have known that plaintiff's condition posed a serious risk to his health and safety and permanent injury.

42. The infliction of injuries on plaintiff's body and then the failure to adequately treat those injuries constituted deliberate indifference by the defendants and plaintiff suffered conscious pain and suffering as relayed by plaintiff, and his mother and as witnessed by defendants who had first-hand knowledge of the severity of the injuries and as a result plaintiff suffered constitutional injuries as described in the complained which caused extreme pain and permanent injury to plaintiff and required urgent care but was denied for an unnecessarily long period..

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Seizure under the 4th Amendment)

43. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. There was no probable cause or any reason for the initial seizure of plaintiff.

45. Defendants unlawfully seized plaintiff on the streets and refused to let him leave. Plaintiff was aware of this seizure, did not consent to the seizure and the seizure itself was not otherwise privileged because plaintiff did not act unlawfully.

46. As a result of the aforementioned conduct of Defendants, Plaintiff's right to be free from unlawful seizure was violated.

### AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest under the 4th Amendment)

47. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. There was no probable cause for plaintiff's arrest.

49. Plaintiff was handcuffed and placed in a police car and driven to the precinct.

50. Plaintiff had not committed a crime and was otherwise innocently riding his bike.

51. Yet, defendants arrested him and held him for processing and booking for over 24 hours.

52. As a result of the aforementioned conduct of Defendants, Plaintiff's right to be free from false arrest was violated and he sustained physical, economic and emotional injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. Defendants fabricated evidence such like police paperwork and other official police and court documents to allege that plaintiff had engaged in criminal activities.

55. Defendants had no legal or factual basis for the outrageous allegations against plaintiff.

56. As a result of defendants' conduct, plaintiff's liberty was restrained. Plaintiff was forced to leave his children in New Jersey to attend court on 3-4 occasions. Plaintiff lost his livelihood because of the charges against him.

57. Plaintiff suffered a deprivation of liberty and property interests and substantive and procedural rights guaranteed under the due process clause of the 14th amendment.

58. Defendants' actions denied plaintiff the right to a fair trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60. Defendants, who are law enforcement officers, observed the infliction of unnecessary and unreasonable force upon plaintiff. These defendants had an affirmative duty to intervene to protect violation of constitutional rights and injuries to plaintiff's body as detailed in the foregoing paragraphs of the complaint by other NYPD defendants (law enforcement officers) in their presence.

61. Defendants knew or observed that excessive force was being used on plaintiff by one of their fellow NYPD officers and had an opportunity to intervene during the assault on plaintiff and failure to get plaintiff urgent medical treatment to prevent further pain and harm but failed to do so. As a result, plaintiff suffered constitutional injuries as described in the foregoing paragraphs on the complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. Some of the Defendants were supervisory officers at the scene and were responsible for the supervision of the other defendant subordinate officers.

64. Defendants Does and the named officers violated plaintiff's constitutional rights by being deliberately indifferent to his urgent medical needs when plaintiff was brutally attacked by the named and Doe defendant officers.

65. Defendant Does and the named officers participated in the assault on plaintiff which resulted in extreme pain and serious injury to plaintiff.

66. Defendant Does and the named officers in their supervisory capacities further failed to intervene and prevent the ongoing assault on plaintiff after becoming aware that plaintiff was being beaten by the defendant officers and failed to take any remedial action to ensure that their subordinates took actions to alleviate plaintiff's pain and suffering.

67. Defendant Does and named officers in their supervisory capacities failed to act on information that their respective subordinates had committed the assault and failed to render medical care to plaintiff as plaintiff continued to endure extreme pain and needed urgent medical care.

68. As a result of the foregoing, defendants are liable under the theory of supervisory liability because their actions or lack thereof caused and continue to cause plaintiff constitutional injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
February 26, 2020

Vik Pawar, Esq
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*