# PAWAR LAW GROUP P.C.

### ATTORNEYS AT LAW

**Robert Blossner**
**Vik Pawar**

20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

NEW JERSEY OFFICE:

6 SOUTH STREET, SUITE 201
MORRISTOWN, NEW JERSEY

October 13, 2020

**BY ECF:**
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York

**MEMO ENDORSED** at page 2.

Re:   *Copes v. The City of New York, et al.*, 17 CV 8413 (ER)

Dear Judge Ramos:

      I represent the plaintiff in this civil rights lawsuit which stems from an excessive use of force allegations. I respectfully request a pre-motion conference to compel defendants' to comply with their obligations to provide discovery. I have complied with the meet and confer requirements and defendants have not stated that they intend to supplement their discovery which was first served upon them in **May 2019**.

      Defendants have failed to provide **all** internal, command level disciplinary, IAB, complaints, lawsuits, arrests and other disciplinary matters against the individual defendant. Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery not only of evidence admissible at trial, but also of information that is "reasonably calculated to lead to the discovery of admissible evidence." Discovery under the Federal Rules of Civil Procedure is to be liberally construed so as to provide both parties with information essential to proper litigation on all the facts. *Mallinckrodt Chemical Works* v. *Goldman, Sachs & Co.,* 58 F.R.D. 348, 352-53 (S.D.N.Y. 1973).

      The Second Circuit takes an "inclusionary" approach to other wrongful acts evidence, even in criminal trials. *United States* v. *Brennan,* 798 F.2d 581, 589 (2d Cir. 1986), *cert. denied,* 490 U.S. 1022 (1989). "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable." *National Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 91 (S.D.N.Y. 2000). In *Ismail* v. *Cohen,* 899 F.2d 183 (2d Cir. 1990), the Second Circuit upheld the district court's decision to admit into evidence at trial information about an event of police abuse which occurred subsequent to the

plaintiff's alleged event. The Second Circuit held that such information was relevant to show "pattern, intent, absence of mistake, etc." *Id.*

Federal common law, rather than state law, governs assertions of privilege where the underlying legal issues are matters of federal law. *Unger* v. *Cohen,* 125 F.R.D. 67, 69 (S.D.N.Y. 1989). "A privilege whose source is State law, whether statutory or decisional, will be recognized in a 'spirit of comity' only to the extent consistent with the overriding federal policy of the civil rights laws." *Unger,* 125 F.R.D. at 69 (citing *King* v. *Conde,* 121 F.R.D. 187 (1988). However, "ordinarily the overriding policy is one of disclosure of relevant information in the interest of promoting the search for truth in a federal question case." *King,* 121 F.R.D. at 187.

Defendant then objects to discovery of the disciplinary records on the ground that the charges have not resulted in discipline. Several courts in this district have also rejected the objection, made on occasion by the City of New York, to the production of unsubstantiated CCRB complaints on grounds of relevance. "Although a CCRB finding that a complaint was 'Unfounded' or 'Unsubstantiated' may be relevant to an accusation's admissibility at trial, plaintiffs should be afforded the opportunity to review the file." *Reyes v. City of New York*, 2000 U.S. Dist. LEXIS 15078, 00 Civ. 2300, 2000 WL 1528239, at *2 (S.D.N.Y. Oct. 16, 2000); *see also Castro v. City of New York*, 1996 U.S. Dist. LEXIS 8940, 94 Civ. 5114, 94 Civ. 6767, 1996 WL 355378 (S.D.N.Y. June 27, 1996) ("For discovery purposes, the complaints satisfy the requirements that their disclosure may lead to the discovery of admissible evidence").

Lastly but perhaps most importantly, the New York State repealed Section 50-a of the Genereal Municipal Law which the defendants routinely used to shield their disciplinary records. There is no plausible reason why these records should not now be disclosed in a feedral civil rights case.

Thank you.

Respectfully,

/s
Vik Pawar (VP9101)

> Plaintiff's request for a premotion conference is granted. The parties are directed to appear telephonically before the Court on October 29, 2020 at 10:30 a.m. The parties will call the Court using the following conference call information: (877) 411-9748; Access Code: 3029857#. Defendants are further directed to respond to the arguments in Plaintiff's letter, Doc. 71, by letter of no more than 3 pages in length by Friday, October 16, 2020. The Clerk is respectfully directed to terminate the letter motion, Doc. 71.
> It is SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 10/13/2020
> New York, New York

Cc: Mr. James Jiminez, Esq.
    *Defense Counsel*

2