# PAWAR LAW GROUP P.C.
### ATTORNEYS AT LAW

20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

**NEW JERSEY OFFICE:**

**Robert Blossner**
**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

6 SOUTH STREET, SUITE 201
MORRISTOWN, NEW JERSEY

## MEMO ENDORSED

December 1, 2020

> Defendants are directed to respond to the arguments in Plaintiff's letter, Doc. 74, by letter of no more than three pages by Friday, December 4, 2020.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 12/2/2020
> New York, New York

**BY ECF:**
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York

Re:    *Copes v. The City of New York, et al.*, 17 CV 8413 (ER)

Dear Judge Ramos:

I represent the plaintiff in this civil rights lawsuit which arises out of plaintiff fracturing his shoulder because of the excessive use of force by defendants. I respectfully request a pre-motion conference to compel defendants' compliance with their obligations to provide discovery responses to requests which were served on them in **May 2019**.

On October 29, 2020, Your Honor conducted a pre-motion conference which in part concerned these issues. The Court's direction was for the parties to meet and confer. The parties having now met and conferred find themselves in the same position. The defendants have declined to produce that which the plaintiff has requested.

The Parties are in dispute in five (5) specific areas:

1.    Plaintiff has requested that the defendants provide a list of "disciplinary actions" that to date they have not produced. Defendants claim those disciplinary actions not to be relevant. Defendants' refusal to produce a list of disciplinary actions places plaintiff in a quandry.

To begin with, it is unclear what "disciplinary action" defendants consider to be "not relevant." It is suggested that simply providing a list of the "not relevant" disciplinary actions would assuage plaintiff's concerns that they are indeed "not relevant." For example, if the basis of a "disciplinary action" was due to a defendant "not wearing a uniform properly" it would certainly be something the plaintiff is not interested in. Absent

a list of possible disciplinary actions which are being withheld from plaintiff, it is difficult to ascertain the relevancy standard.

For the above stated reasons, plaintiff submits that the defendants should list what charges are available against the officers/defendants and which of these charges were withheld on relevancy grounds.

2.  The second area in dispute concerns the range of command level discipline that are available to officers of the NYPD. Officers may be brought up on a command level with an "A" charge or a "B" charge. The former is erased from the records after 1-2 years. Therefore, if a NYPD officer was accused of theft, that officer could have received a command level "A" discipline and that charge may no longer exist in his file. However, that is still available in the NYPD database.

3.  The third area of dispute is the "downgrading" of charges. There are numerous instances where accusations are negotiated down to innocuously sounding reduced charges. Using the same example, if the NYPD officer is accused of theft, the charge could be downgraded to an administrative charge of something as trivial as "failure to complete an administrative form." This type of purposeful masking, shields the officer's misconduct from being exposed to the public and leaves the plaintiff in dark as to what the officer was truly accused of.

The need for full disclosure leads to Point No. 4.

4.  The fourth dispute concerns defendants' position to only produce substantiated disciplines. Plaintiff is entitled to unsubstantiated charges against the defendant officers. Such charges contain names of witnesses whose allegation might differ from the defendant/officer's defense. For the Court's benefit "unsubstantiated" simply means that whatever level of investigation was, or was not carried out, there was not enough evidence to accept the versions of either the accuser or the accused. Plaintiff should be entitled to all charges against the officer/defendant.

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery not only of evidence admissible at trial, but also of information that is "reasonably calculated to lead to the discovery of admissible evidence." Discovery under the Federal Rules of Civil Procedure is to be liberally construed so as to provide both parties with information essential to proper litigation on all the facts. *Mallinckrodt Chemical Works* v. *Goldman, Sachs & Co.*, 58 F.R.D. 348, 352-53 (S.D.N.Y. 1973).

The Second Circuit has taken an "inclusionary" approach to other wrongful acts evidence, even in criminal trials. *United States* v. *Brennan*, 798 F.2d 581, 589 (2d Cir. 1986), *cert. denied*, 490 U.S. 1022 (1989). "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable." *National Congress for Puerto Rican Rights* v. *City of New York*, 194 F.R.D. 88, 91 (S.D.N.Y. 2000). In *Ismail* v. *Cohen*, 899 F.2d 183 (2d Cir. 1990), the Second Circuit upheld the district court's decision to admit into evidence

2

at trial information about an event of police abuse which occurred subsequent to the plaintiff's alleged event. The Second Circuit held that such information was relevant to show "pattern, intent, absence of mistake, etc." *Id.*

Furthermore, "[a]lthough a CCRB finding that a complaint was 'unfounded' or 'unsubstantiated' may be relevant to an accusation's admissibility at trial, plaintiffs should be afforded the opportunity to review the file." *Reyes v. City of New York*, 2000 U.S. Dist. LEXIS 15078, 00 Civ. 2300, 2000 WL 1528239, at *2 (S.D.N.Y. Oct. 16, 2000). "It is now commonplace in the courts of this Circuit to require the production of CCRB and IAB files relating to both substantiated and unsusbtantiated allegations of similar conduct." *Young v. City of New York*, No. 10-CV-1701, 2010 U.S. Dist. LEXIS 107208, 2010 WL 3938372, at *1 (S.D.N.Y. Oct. 7, 2010). "In most . . . cases the entire CCRB or IAB file was required to be produced[.]" and finding withholding of CCRB and IAB files based on complainants' privacy improper because those who "lodge complaints against police official have voluntarily placed their arrests in issue, and seek to vindicate an interest that goes beyond their acquittal of criminal charges, notwithstanding the sacrifice of their privacy rights" *Id.*

Courts have found misconduct complaints relevant where related investigations resulted in other findings including "exonerated" and "unfounded," or where the complaints have been withdrawn, abandoned or conciliated. *See Bradley v. City of New York*, No. 04 Civ. 8411 (RWS) (MHD), 2005 WL 2508253, at *2 (S.D.N.Y. Oct. 3, 2005) (finding that "courts have repeatedly directed production" of misconduct complaints, even when they were withdrawn); *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) (holding that "complaints that were abandoned or conciliated may not be admissible at trial, but that does not make them undiscoverable."

5. Underlying files of disciplinary histories.

Defendants have not stated that the underlying disciplinary files are voluminous or that it would pose a burden to produce them. For example, an underlying file could be a few pages or a few hundred pages. Absent a showing from defendants that each of the requested file is voluminous, it is difficult for the Court to determine whether the need for discovery outweighs the burden of production.

"[A] party seeking to avoid discovery on grounds of burden at least has the obligation to address those proportionality factors pertinent to that case and provide specific evidence and argument about them to the extent possible; it is not enough merely to invoke the word 'burden' as a talisman." *Guadalupe v. City of New York*, No. 15 Civ. 220 (CM) (JCF), 2016 WL 3570545, at *2 (S.D.N.Y. June 24, 2016); *see In re Bloomfield Inv. Res. Corp.*, 315 F.R.D. 165, 168 (S.D.N.Y. 2016); *Gross v. Lunduski*, 304 F.R.D. 136, 147 (W.D.N.Y. 2014) (finding misconduct files subject to discovery where information could be used for permissible purposes including Rule 608(b) impeachment); *Stephen v. Hanley*, No. 03 Civ. 6226 (KAM) (LB), 2009 WL 1471180, at *14 (E.D.N.Y. May 21, 2009) (finding that if defendants deny being involved in similar misconduct to that at issue in lawsuit, misconduct information admissible under Rule 607 for impeachment);

3

*Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 WL 113913, at *8 (S.D.N.Y. Jan. 29, 2002) (allowing plaintiff to cross-examine defendant health aide regarding a lie told to a misconduct investigator shown in a disciplinary file).

For the foregoing reasons, plaintiff respectfully requests that the Court direct defendants to fully comply with their discovery obligations or in the alternative, permit plaintiff to file a motion to compel and seek costs and fees.

Thank you.

Respectfully,

/s/

Vik Pawar (VP9101)

Cc: Mr. James Jiminez, Esq.
*Defense Counsel*

4