

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES JIMENEZ**
Special Federal Litigation
Phone: (212) 356-2670
Fax: (212)356-3509
Email: jjimenez@law.nyc.gov

**MEMO ENDORSED**

December 3, 2020

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 228
New York, New York 10007

> Plaintiff's request for a discovery conference, Doc. 74, is denied with leave to renew when the parties have met and conferred on each category of documents Plaintiff seeks to compel.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 12/3/2020
> New York, New York

Re:  Laquan Copes v. City of New York, et al.
     17 CV 8413 (ER)

Your Honor:

   I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendants City of New York, Joel Ayala, Timothy Burke, Charles Cavallaro, Manuel Estrada, Nivez Hernandez, Sean Kern, Ryan Lawrence, Luilly Lopez, Brian Mahon, Gina Mestre, Jorge Monge, Amadeo Oktrova, Anthony Terilli, and Brian Vanduzer in the above-referenced action. Defendants write in response to Plaintiff's letter request for a conference pursuant to Local Civil Rule 37.2, dated December 1, 2020. Plaintiff is not entitled to the discovery that he is seeking.

   Plaintiff contends that the parties are in dispute in five areas regarding discovery requests served "in May 2019." First, Plaintiff's request that Defendants provide a "list of what charges are available against the officers/defendants and which of these charges were withheld on relevancy grounds." According to Plaintiff, this unfettered disclosure of Defendants' disciplinary histories is necessary to "assuage" Plaintiff's concerns that relevant documents have not been withheld since, according to Plaintiff, he has no idea what Defendants deem relevant. By way of background, in response to Plaintiff's discovery demands, Defendants produced IAB Resumes, Central Personnel Indices, and Civilian Complaint Review Board Histories reflecting listings of disciplinary allegations made against Defendants – the documents were redacted so that only relevant allegations were produced. Furthermore, the Defendants' response clearly stated that the disciplinary allegations produced are those that reflect allegations similar in nature to those in this action – specifically allegations concerning false arrest, excessive force, indifference to medical

needs, unlawful seizure, and failure to intervene – and/or those that pertain to the defendant officers' veracity or credibility. Thus, as an initial matter, Plaintiff's plea of ignorance as to what is considered relevant herein is disingenuous. Regardless, Plaintiff's request for a listing of all of the allegations made against Defendants clearly ignores that Fed. R. Civ. P. 26 requires the production of relevant documents only. Plaintiff should not be permitted to sidestep the relevancy requirement of the federal rules simply to satisfy his curiosity. To require Defendants to provide a list of all discipline, regardless of relevancy, would indeed violate Rule 26 and grant Plaintiff access to documents that he would not otherwise have access to.

      The second and third areas of dispute claimed by Plaintiff are stated as "the range of command level discipline that are available to officers of the NYPD" and "the downgrading of charges." First, it is unclear from Plaintiff's application exactly what information or documents are being sought by Plaintiff in regard to these claimed areas of dispute. Second, the parties have not met and conferred regarding this unspecified discovery, nor does there appear to have been any prior discovery demand related thereto. As such, bringing these issues before the Court pursuant to Local Civil Rule 37.2 is premature and improper.

      Regarding the purported fourth dispute, it is unclear what Plaintiff is seeking.  As an initial matter, Plaintiff complains that Defendants' have limited the production of disciplinary documents to "substantiated disciplines," even though Plaintiff is entitled to "unsubstantiated charges." Again, it should be noted that this alleged dispute also has not been the subject of a meet and confer and, as such, a request for a conference regarding this alleged dispute is premature and improper. Nevertheless, it is unclear if Plaintiff is simply mistaken or actively misrepresenting the status of discovery, but regardless Plaintiff's contention is grossly inaccurate since the unredacted discipline produced by Defendants includes both substantiated and unsubstantiated allegations.

      Next, despite appearing to limit his request to unsubstantiated documents, Plaintiff also states that he is "entitled to all charges against the officer/defendant."  Plaintiff, however, provides no elucidation as to what that means.  To the extent that Plaintiff believes he is entitled to the production of all of the disciplinary charges against Defendants, he is wrong, since Rule 26 limits discovery to only those documents that are relevant to the claims and defenses in an action.[1] To the extent that he is alleging that for those disciplinary allegations similar in nature, he is also entitled to information and/or documents reflecting charges where the final disposition was exonerated, unfounded, withdrawn, abandoned, or other like dispositions, Plaintiff has not provided any explanation as to why these types of allegations and/or investigations would be relevant.  Notably, the assertion that he is entitled to any information that may "reasonably lead to the discovery of admissible evidence" ignores the revision to Fed. R. Civ. P. 26 which includes a

---

[1] Plaintiff's only given rationale is that such records may contain names of witnesses involved in prior allegations, presumably the complainants who made the allegations. However, production of unrelated and dissimilar allegations, including the identities of arrestees whose cases may be sealed under CPL § 160.50, is not proportional to the needs of this case given the privacy interests of the complainants. Fountain v. City of N.Y., 2004 U.S. Dist. LEXIS 12278, at **7-8 (S.D.N.Y. June 30, 2004) (plaintiffs have not yet established that "their need for the information outweighs 'the administrative burden on the City, and (more importantly) [the] burden on the privacy interest of the … non-parties.'") (quoting Bryant v. City of New York, 2000 U.S. Dist. LEXIS 18548, at *4 (S.D.N.Y. Dec. 27, 2000)).

proportionality component to discovery to prevent discovery of the type of overbroad and irrelevant discovery being sought by Plaintiff.

Finally, Plaintiff seeks production of the "underlying disciplinary files" – in essence the underlying investigation file for every unredacted disciplinary allegation on the IAB Resumes and CCRB Histories produced. During conferrals on this issue, Defendants asked Plaintiff to identify those investigative files that Plaintiff really thought was relevant, since investigations for procedural failings like a failure to complete a memo book and/or stop, question, and frisk report, or noting the wrong type of drug packaging on a voucher is patently irrelevant to the underlying claims. Plaintiff, however, refused and has remained steadfast in demanding every single underlying file despite not giving any reason as to why the production of underlying files for unrelated incidents is necessary, nor how the files are relevant to the claims at issue herein. Furthermore, while the Defendants are unaware of the exact size of each file, a response to this demand would involve production of full files for the fourteen individual defendants, consisting of over one hundred and fifty individual files. Of note, the production of the disciplinary history lists alone comprised approximately one hundred fifty pages. The burdensome nature of obtaining, reviewing, and redacting these files would clearly outweigh the need for production, especially as Plaintiff has not made any showing as to why there is a need for this discovery either to Defendant or to the Court in the instant request.

For the foregoing reasons, any request by Plaintiff to compel discovery should be denied by this Court. Any request to seeks costs associated with moving to compel should also be denied, since costs are not warranted where an opposing party makes a good faith objection to the request for discovery.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

*James Jimenez*
JAMES JIMENEZ
Assistant Corporation Counsel

cc:   All parties of record via ECF